573 So.2d 398 (1991)
Jose PRIETO, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03240.
District Court of Appeal of Florida, Second District.
January 18, 1991.
*399 PER CURIAM.
Jose Prieto appeals the summary denial of his motion for postconviction relief. We affirm the denial of postconviction relief as to all claims contained in the motion except two which we believe warrant additional consideration. We reverse for further proceedings with regard to those two claims.
The first such claim involves the voluntariness of Prieto's plea to the offense of racketeering.[1] Prieto, who was provided with an interpreter during his court appearances, states that he was not adequately apprised of the elements of this offense. Instead, the interpreter allegedly used the term "ratero," which Prieto now translates as "burglary."[2]
In response to this claim the trial court attached to its order a written, bilingual plea form which notes the possible penalties for the numerous offenses involved including the racketeering charge. However, the names of the crimes themselves are rendered in English only. Thus the exhibit, standing alone, does not conclusively demonstrate that this Spanish-speaking defendant understood the nature of the act he was accused of committing. Such an understanding is an essential component of a voluntary plea. See Balderrama v. State, 433 So.2d 1311 (Fla. 2d DCA 1983).
Prieto also claims to have received ineffective assistance from his court-appointed attorney. Numerous omissions are asserted, only one of which is facially sufficient. He alleges that the alleged victim of one burglary charge would have confirmed that Prieto had permission to be in her home, and thus that no crime actually took place. Though counsel was made aware of this witness she made no effort to investigate.
We recognize that determinations regarding the calling of witnesses generally fall within the discretion of counsel. Ferby v. State, 404 So.2d 407 (Fla. 5th DCA 1981). Certainly counsel may have had valid reasons, even if informed of this alleged exculpatory witness, for recommending that Prieto go forward with the plea. However, the fact Prieto has specifically identified both a witness and the nature of her expected *400 testimony distinguishes this case from those wherein summary denial of relief may have been proper. See, e.g., Ables v. State, 404 So.2d 137 (Fla. 5th DCA 1981) (motion did not allege what prospective testimony would have been). We believe this portion of the motion presents a prima facie showing of entitlement to relief, subject to rebuttal by evidence from the record or testimony at an evidentiary hearing. Cf. Williams v. State, 447 So.2d 442 (Fla. 5th DCA 1984).
After remand the trial court should re-examine the files and records to ascertain whether any portion thereof conclusively refutes the two claims herein discussed. If the court so finds, the court may again deny the motion, attaching to its order those portions of the record relied upon for that determination. Otherwise, an evidentiary hearing most likely will be necessary. In the event Prieto prevails at any such hearing, he should be permitted to withdraw his plea to racketeering and/or one count of burglary.
Affirmed in part, reversed in part, and remanded with instructions.
FRANK, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.
NOTES
[1] § 895.03(3), Fla. Stat. (1985).
[2] According to one reference the word ratero, when used as an adjective, may have several meanings including "thieving" and "despicable." If used as a noun it connotes a "petty thief" or "pickpocket," much like the similar noun rateria ("petty thieving, pilfering; baseness"). Gooch & Garcia de Paredes, Cassell's Spanish Dictionary.