579 So.2d 394 (1991)
Willie EVERETT, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1523.
District Court of Appeal of Florida, Third District.
May 21, 1991.
John H. Lipinski and Maria Brea Lipinski, for appellant.
Robert A. Butterworth, Atty. Gen., Katherine B. Johnson, Asst. Atty. Gen., and Mark Katzef, Certified Legal Intern, for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
PER CURIAM.
We affirm the defendant's conviction for the sale of a controlled substance within 1,000 feet of a school, § 893.13(1)(e), Fla. Stat. (1989), notwithstanding his claims that a) there was insufficient proof that the offense occurred within 1,000 feet of a school, b) the chain of custody was insufficient to link the defendant to the cocaine purchased by the undercover policeman, and c) a statement by the prosecutor in *395 closing argument constituted reversible error.
In the present case, the arresting officer identified the purchase site as being outside a given street address near an identifiable building. A second officer proceeded to that location and measured the distance of the crime's occurrence from the school. That officer testified that the buy site measured 866 feet from the school fence line. Any margin of error relative to the distance between the buy site and the school was no more than eight feet since the officer testified that he had measured from a circumference of some eight feet out from the laundromat in front of which the sale occurred. Moreover, the officer who employed the measuring device testified that on a weekly basis he tested the accuracy of the device by rolling it over an extended tape measure. This weekly testing greatly exceeded the annual test for accuracy required by section 531.41(8), Florida Statutes (1989).
Second, testimony proved that the evidence involved followed an unbroken chain of custody and was at all times identifiable by its case number. Thus, the cocaine was directly tied to this defendant beyond a reasonable doubt.
Finally, the prosecutor's comment during closing argument to the effect that the defendant and his codefendant had a business partnership to sell drugs did not constitute reversible error because the statement was a logical inference obtained from the evidence. Spencer v. State, 133 So.2d 729, 731 (Fla. 1961), cert. denied, 369 U.S. 880, 82 S.Ct. 1155, 8 L.Ed.2d 283 (1962).
Accordingly, the defendant's conviction is affirmed.