600 So.2d 550 (1992)
Jorge Guadalupe MANCERA, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01074.
District Court of Appeal of Florida, Second District.
June 19, 1992.
*551 Jorge Guadalupe Mancera, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Jorge Guadalupe Mancera appeals the summary denial of his motion for postconviction relief. He claims to have received ineffective assistance from the attorney who represented him on charges of sexual battery. The motion cites numerous acts and omissions, only two of which merit further attention.
First, Mancera asserts that counsel failed to move for the suppression of his confession, even though he was aware the confession had been coerced by police. If these allegations are true, it is possible that counsel rendered ineffective assistance. Fortner v. State, 538 So.2d 85 (Fla. 2d DCA 1989). Second, Mancera states that counsel was given the name of witnesses who could testify that the alleged victim actually fabricated the charges. If exculpatory witnesses existed, and counsel had no valid reason for failing to question or produce them, Mancera might be entitled to relief on this basis also. Prieto v. State, 573 So.2d 398 (Fla. 2d DCA 1991).[1]
The trial court denied Mancera's motion as facially insufficient. Except for the two claims discussed herein, we agree with that conclusion and affirm the order of the trial court. With regard to the alleged failures to seek suppression of the confession and to investigate the possible existence of exculpatory witnesses, we reverse for further proceedings. After remand the trial court may again deny the motion, attaching to its order any exhibits from the record which refute these two claims. If no such exhibits can be located, an evidentiary hearing will be necessary.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and LEHAN and PARKER, JJ., concur.
NOTES
[1] While at first blush this allegation may seem inconsistent with the previous claim, Mancera does contend that the statement he gave police was untrue as well as involuntary.