PER CURIAM.
Carlos Yoris appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
The motion raises numerous issues. With the one exception discussed herein, all are without merit and we affirm the circuit court’s order denying relief with respect to all but this one issue. Further proceedings are required to resolve one claim of ineffective assistance of counsel, and we remand for that purpose.
Yoris is serving a life sentence for first degree murder. It appears that Lucy Nieves was a crucial witness for the state. Yoris alleges that he had evidence that Nieves, out of fear of retribution from Yor-is’s codefendant, falsely implicated Yoris in the murder. Furthermore, Yoris alleges that counsel knew of, but failed to utilize, this evidence.
The trial court’s order states that relief is not available simply because a state witness may have testified falsely. Rather, the defendant must also show that the state knowingly relied upon the perjured téstimony. State v. Matera, 266 So.2d 661 (Fla.1972). Otherwise, “it [is] presumed that the accused [has] the ability to confront all witnesses, and to produce evidence in his behalf, such that the credibility of any witness [will] be fully examined before the trier of fact.” Linkous v. State, 585 So.2d 486, 488 (Fla. 2d DCA 1991).
It is true that Yoris fails to accuse the state of suborning or condoning perjury. Nevertheless, we do not believe Mat-era controls the outcome of this case. A claim of ineffective assistance of counsel may arise where counsel has unjustifiably overlooked or ignored material, exculpatory evidence. See, e.g., Mancera v. State, 600 So.2d 550 (Fla. 2d DCA 1992); Prieto v. State, 573 So.2d 398 (Fla. 2d DCA 1991). The test of credibility we spoke of in Lin-kous presumes that counsel is adequately prepared to impeach or rebut the testimony of suspect witnesses. In the present case Yoris has made a threshold showing that counsel’s level of preparation was not adequate. Since that showing is not rebutted by evidence from the case files and records, summary denial of this portion of the motion was improper.
After remand the trial court should re-examine the files and records in this case to determine whether anything therein conclusively refutes Yoris’s claim that he received ineffective assistance of counsel. If so the court may again deny the motion, attaching to its order the documentation relied upon in reaching that conclusion. If not, an evidentiary hearing may be necessary. Anyone aggrieved by the subsequent action of the trial court must file a timely notice to obtain further appellate review.
Affirmed in part, reversed in part, and remanded with instructions.
FRANK, A.C.J., and PARKER and ALTENBERND, JJ., concur.