PER CURIAM.
Earl Moore appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
*198 Of the numerous issues raised m the motion, only one presents a prima facie showing of entitlement to relief. Moore contends that he received ineffective assistance from his trial attorney. Specifically, he alleges that counsel advised him to enter a plea of guilty although he knew that the victim in this case would not appear for trial.
The trial court’s order finds that this portion of the motion fails to satisfy the standard established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As a result there are no record excerpts or other documents attached to the order of denial. Admittedly the motion is not drafted with the precision we would expect of a trained attorney. However, as we interpret Moore’s claim, he asserts, that counsel knew or should have known the case could not go forward. In Prieto v. State, 573 So.2d 398 (Fla. 2d DCA 1991), we found potential ineffectiveness in the alleged failure to locate and produce a witness who could testify that no crime occurred. The present claim is similar in principle and, given our limited scope of review under Florida Rule of Appellate Procedure 9.140(g), we must conclude that it is sufficient to require further consideration by the trial court.
The order denying postconviction relief is affirmed in all other respects.
After remand the trial court should examine the files and records in this case and determine whether anything therein conclusively refutes Moore’s claim of ineffective assistance. If so, the court may again deny the motion, attaching whatever documentation it has relied upon. If not, an evidentiary hearing may be necessary. Any party aggrieved by the subsequent action of the trial court must file a timely notice to obtain further appellate review.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and DANAHY and THREADGILL, JJ., concur.