PER CURIAM.
Rodney Jones appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Jones was convicted of selling cocaine within 1,000 feet of a school. He complains that his court-appointed attorney was ineffective. Several omissions are alleged, only two of which merit extended comment.
First, Jones complains that counsel, had he properly investigated this case, would have discovered that the police officer who measured the distance from the sale site to the school used an instrument which was not inspected annually for accuracy by the Florida Department of Agriculture and Consumer Services (ACS). See Section 531.41, Florida Statutes (1991). Jones relies upon Everett v. State, 579 So.2d 394 (Fla. 3d DCA 1991), another drug-sale case in which the appellant argued insufficient evidence of distance. Although the appellate court did note that the measuring instrument in that case was tested weekly, and therefore more rigorously than the ACS standard, Everett does not hold that the ACS standard must be observed in criminal prosecutions. State v. Alvarino, 585 So.2d 1094 (Fla. 3d DCA 1991). The presence or absence of such periodic testing is at most a matter of weight, not admissibility. As Jones has not demonstrated any reason to conclude that the measurement in this ease was fatally defective, he has failed to set out a colorable claim of ineffective assistance.
Jones also asserts that a codefendant, Sherry Paulk, would have testified that Jones was not involved in this case. Though encouraged to take Paulk’s statement and produce her at trial, counsel failed to do so. The record before us does not refute this claim, which, if true, could constitute ineffective assistance. Cf. Yoris v. State, 609 So.2d 69 (Fla. 2d DCA 1992) (failure to use witness affidavit recanting testimony); Mancera v. State, 600 So.2d 550 (Fla. 2d DCA 1992) (failure to explore possibility charges were falsified); Young v. State, 511 So.2d 735 (Fla. 2d DCA 1987) (failure to investigate possible alibi witnesses).
After remand the circuit court should reexamine the files and records in this case in an effort to determine whether anything therein conclusively refutes Jones’s claim that counsel inexcusably failed to locate an exculpatory witness. If so, the court may again deny the motion, attaching to its order whatever documentation it has relied upon. If not, an evidentiary hearing may be necessary to resolve this portion of Jones’s motion. The remainder of the motion was correctly denied and we affirm the circuit court as to all other points raised by Jones.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., THREADGILL and PATTERSON, JJ., concur.