631 So.2d 334 (1994)
James Robert KILGORE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2243.
District Court of Appeal of Florida, First District.
February 1, 1994.
*335 James Robert Kilgore, pro se.
No appearance by the state.
WOLF, Judge.
Appellant, Kilgore, appeals from the summary denial of his motion for postconviction relief. We find that the allegations concerning ineffective assistance of counsel as a result of failing to interview and call witnesses were legally sufficient to require an evidentiary hearing. We, therefore, reverse and remand for further proceedings.
Appellant filed a rule 3.850, Florida Rules of Criminal Procedure, motion alleging (1) that his trial counsel was ineffective for failing to interview and call witnesses[1], and (2) that he was denied a fair and impartial trial by the state's knowing use of perjured testimony. The facts alleged as to the second contention demonstrate nothing more than an alleged inconsistency between a witness' trial and deposition testimony. These facts are legally insufficient to require an evidentiary hearing, and we affirm the trial court's summary disposition of that issue without further discussion.
As to the issue of ineffective assistance of counsel, appellant alleges that his conviction was based solely on identification of a single witness, which was made from film taken by a hidden surveillance camera during the robbery. Appellant alleges that he told his counsel the name of two witnesses who would provide exculpatory testimony. One witness was his employer, who would testify that at the time of the robbery appellant's head and face were clean shaven; this was a direct contradiction to the testimony of the state's only eyewitness. The other witness was appellant's codefendant who allegedly had already pled guilty prior to appellant's trial. Appellant alleged that the witness would have testified that appellant did not participate with him in the commission of the robbery.
In cases involving claims of ineffective assistance of counsel based on counsel's alleged failure to investigate and to interview witnesses, a facially sufficient motion must include the following allegations: (1) the identity of the prospective witnesses; (2) the substance of the witnesses' testimony; and (3) an explanation as to how the omission of this evidence prejudiced the outcome of the trial.
Highsmith v. State, 617 So.2d 825, 826 (Fla. 1st DCA 1993).
Appellant's motion meets the criteria identified within Highsmith, supra. We, therefore, reverse and remand for an evidentiary hearing as to this issue.
ZEHMER, C.J., and MINER, J., concur.
NOTES
[1] Appellant also alleged that his counsel was ineffective for failing to move for a new trial. The allegations as to this contention are insufficient as it is not demonstrated how appellant was prejudiced by this failure.