ON MOTION FOR REHEARING

PER CURIAM.
This court’s previous opinion in this case dated April 8, 1996, is withdrawn, and the following decision is substituted therefor.
We affirm the summary denial of appellant’s motion for postconviction relief as it relates to his claim that his plea resulted from coercion and was therefore involuntary. See Thomas v. State, 419 So.2d 1141 (Fla. 1st DCA 1982); Loconte v. State, 382 So.2d 26 (Fla. 1st DCA 1979), cert. denied, 383 So.2d 1198 (Fla.1980). We also affirm the summary denial of appellant’s claim that counsel was ineffective based on an alleged misrepresentation as to his eligibility for the death sentence, because the claim is facially insufficient.
We reverse that portion of the court’s order summarily denying appellant’s claim of ineffective assistance of counsel based on counsel’s alleged failure to interview two co-defendants, because appellant’s motion was facially sufficient as to that claim. See Kilgore v. State, 631 So.2d 334 (Fla. 1st DCA 1994); Jones v. State, 627 So.2d 28 (Fla. 2d DCA 1993). On remand, the trial court should either attach the portion of the record which conclusively refutes appellant’s claim or hold an evidentiary hearing.
REVERSED and REMANDED for further proceedings.
ERVIN, MINER and LAWRENCE, JJ., concur.