PER CURIAM.
Charles W. Lee has appealed the order denying his motion for postconvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Of the eleven issues raised in Lee’s motion, the trial court properly denied ten as they were matters to be resolved on direct appeal; therefore, we affirm that portion of the order. As to the one issue concerning ineffective assistance of counsel, we reverse.
Lee was convicted of possession of marijuana on prison grounds. Lee alleges that, following visitation periods, several inmates were routinely searched by correction officers in a “shakedown room.” During one of these searches, the officers allegedly found a package of marijuana under Lee’s shirt which was on a table. Lee alleges that his attorney was ineffective because Roderick Kendrick, a listed defense witness, was present at trial and would have testified that the package of marijuana was on the table before Lee entered the “shakedown room,” and that Kendrick witnessed a searching officer place Lee’s shirt on the package. Lee asserts that Kendrick has provided a prior sworn affidavit that establishes these facts and that Lee told his attorney before the trial about Kendrick and Kendrick’s observations.
The trial court denied the ineffective assistance of counsel claim by attaching a copy of an order of transport that reflected that law enforcement authorities were ordered by the trial court to transport Kendrick to Lee’s trial in order for Kendrick to be available as a defense witness. We conclude that the fact that Kendrick was present for the trial does not negate the test for ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Strickland requires that Lee: (1) identify the particular act or omission of the defense attorney; and (2) show that there is a reasonable probability that, but for the attorney’s errors, the results of the trial would have been different. Lee has satisfied both prongs of Strickland with sworn allegations in his motion concerning Kendrick. The fact thát the trial court found that Kendrick was present at the trial does not negate Strickland. In Prieto v. State, 573 So.2d 398 (Fla. 2d DCA 1991), this court stated:
We recognize that determinations regarding the calling of witnesses generally fall within the discretion of counsel. Certainly counsel may have had valid reasons, even if informed of this alleged exculpatory witness, for recommending that Prieto go forward with the plea. However, the fact Prieto has specifically identified both a witness and the nature of her expected testimony distinguishes this case from those wherein summary denial of relief may have been proper. We believe this portion of the motion, presents a prima facie showing of entitlement to relief, subject to re *304 buttal by evidence from the record or testimony at an evidentiary hearing.
573 So.2d at 399-400 (citations omitted).
After remand, the trial court should reexamine the files and records to ascertain whether any portion conclusively refutes the claim herein discussed. If the court so finds, the court may again deny the motion, attaching to its order those portions of the record relied upon for that determination. Otherwise, an evidentiary hearing will be necessary.
Affirmed in part, reversed in part, and remanded with instructions.
PARKER, C.J., and DANAHY and NORTHCUTT, JJ., concur.