775 So.2d 336 (2000)
Charles COHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1392.
District Court of Appeal of Florida, Second District.
August 25, 2000.
*337 PER CURIAM.
Charles Cohens appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Cohens was convicted, after a jury trial, of armed robbery and first-degree murder. He claims that counsel was ineffective for failing to present certain alibi witnesses at trial, whom the State had deposed, and for failing to contact or interview two other alibi witnesses. We reverse the trial court's order to the extent it summarily denied Cohens' claim that counsel was ineffective in failing to contact or interview Nikka Griffin. We affirm the trial court's order in all other respects without comment.
Cohens asserts that his trial counsel filed a notice of intent to rely on alibi testimony which listed Griffin as a potential witness. The notice of alibi states that the testimony of the alibi witnesses would show that Cohens arrived home well before the time of the murder, on the day it occurred, and remained there until well after the murder occurred, at which time Cohens went directly to another individual's house where he remained for approximately a half hour. Cohens asserts that counsel never attempted to contact or interview Griffin.
The trial court denied relief on the basis that this claim was facially insufficient. We disagree. See Honors v. State, 752 So.2d 1234, 1235-36 (Fla. 2d DCA 2000) (holding that "failure to investigate or call an exculpatory witness `presents a prima facie showing of entitlement to relief, subject to rebuttal by evidence from the record or testimony at an evidentiary, hearing'") (quoting Prieto v. State, 573 So.2d 398, 399 (Fla. 2d DCA 1991)). The notice of alibi provides sufficient information to establish that if Griffin testified as indicated in the notice, counsel's omission in failing to contact and interview her may have constituted ineffective assistance. This is particularly true here since Cohens asserts that no alibi testimony was presented at trial. Therefore, the omission of Griffin's testimony may have prejudiced the outcome of the trial, as Cohens alleges.
We accordingly reverse the trial court's order as to this witness only. On remand, the trial court shall attach those portions of the record which conclusively refute Cohens' claim or conduct an evidentiary hearing on it.
Affirmed in part, reversed in part.
BLUE, A.C.J., and FULMER and STRINGER, JJ., Concur.