PER CURIAM.
Jessie J. Reid appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court failed to address two of Reid’s claims, we reverse and remand for the trial court to consider them. We affirm the order without discussion as to Reid’s other claims, which were addressed.
In 1996, Reid was convicted of a capital sexual battery that occurred some ten years earlier. According to Reid, the only evidence against him was the testimony of the victim and his confession, which he alleged was coerced. Prior to trial counsel moved to suppress, Reid’s confession based on a Miranda[1] violation. The trial court denied the motion to suppress, and Reid proceeded to trial presenting the theory that the confession was coerced to the jury.
Reid argued that counsel was ineffective in her handling of the confession issue in two ways. According to Reid, although he told counsel that his confession was coerced by Agent Cootware, counsel nonetheless failed to depose that agent. Specifically, Reid alleged that Cootware conducted a portion of his interrogation which was not tape recorded and during that time both promised Reid that no charges would be filed if he “came clean” and threatened him if he refused to do so. If these allegations are true, they would have provided an independent basis on which to suppress Reid’s confession. See Fillinger v. State, 349 So.2d 714 (Fla. 2d DCA 1977). If the confession was nonetheless admitted at trial, this testimony would have supported Reid’s contention at trial that his confession was involuntary and therefore unreliable. We reverse and remand for the trial court to address this facially sufficient claim. See, e.g., Mancera v. State, 600 So.2d 550 (Fla. 2d DCA 1992) (holding allegation that counsel failed to move to suppress confession even though he was aware that it was coerced was facially sufficient).
*433 Reid next alleged that counsel failed to preserve the suppression issue that she argued in the pre-trial motion because she failed to contemporaneously object when the confession was entered into evidence. Counsel moved to suppress the confession alleging that the police officers did not comply with the requirements of Miranda in interrogating Reid.
The failure to adequately preserve an issue for appellate review may constitute a facially sufficient claim of ineffective assistance of counsel. If in fact Reid’s confession was obtained in violation of Miranda, as counsel alleged in the pre-trial motion to suppress, then counsel erred in failing to preserve the issue for appellate review. We further conclude that Reid has adequately alleged prejudice based on his contention that he was convicted based solely upon the testimony of the victim and his confession. We therefore reverse the order and remand for consideration of this claim as well.
On remand the trial court may again summarily deny these two claims only if they are conclusively refuted by the record. Otherwise, an evidentiary hearing will be necessary.
Affirmed in part; reversed in part; and remanded.
BLUE, A.C.J., and FULMER and GREEN, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).