PER CURIAM.
Barry Anderson appeals the summary denial of his post-conviction motion. We find that further proceedings are required on one of his allegations.
The allegation that Anderson’s trial counsel failed to investigate potential defense witness Derrick Harvey stated a legally sufficient claim of ineffective assistance of counsel. See Cohens v. State, 775 So.2d 336 (Fla. 2d DCA 2000) (claim of failure to investigate or call an exculpatory witness presents a prima facie case of entitlement to relief for ineffective assistance of counsel, unless rebutted by evidence in the record or testimony at an evidentiary hearing).
According to Anderson’s motion, Harvey’s testimony would have been that State witness Lisa Cornwell admitted to him that she did not really witness the crime, but had felt pressured by the police to say that she did. The portion of the record relied upon by the trial court does not conclusively refute Anderson’s allegations.
Accordingly, we reverse and remand for an evidentiary hearing on this claim only. The denial order is affirmed in all other respects.
DELL, WARNER and FARMER, JJ., concur.