884 So.2d 303 (2004)
Paul Alexander CLAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1306.
District Court of Appeal of Florida, Second District.
August 20, 2004.
SALCINES, Judge.
Paul Alexander Clayton challenges the order of the trial court summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, without comment, the summary denial of two of the grounds for relief presented in Clayton's motion. We reverse that portion of the trial court's order summarily denying the remaining ground, and we remand for further proceedings.
According to his motion, Clayton was convicted, after jury trial, of sale of cocaine within 1000 feet of a school and possession of cocaine with intent to sell within 1000 feet of a school. Clayton alleged that counsel was ineffective for failing to call his alibi witness at trial. Clayton further alleged that he provided counsel with the name of his roommate, Eddie Fullwally, Jr., and the address of his roommate, 225 Colorado Avenue, Lakeland. He claimed that Fullwally was available to testify and that he would have testified that Clayton was at the Lakeland residence "showering and getting ready for dinner at the time of the alleged drug sale in Bartow." Clayton alleged that he was not arrested at the time of the offense, but was arrested at a later date.
Clayton presented a facially sufficient postconviction claim that counsel was ineffective in failing to call an alibi witness at trial. See Jacobs v. State, 29 Fla. L. Weekly S319, 320-321 (Fla. June 24, 2004). The trial court denied the motion, finding that the trial court record demonstrated that Fullwally was not at the address Clayton provided. The trial court attached portions of the record showing that the State attempted to subpoena Fullwally for deposition but were unable to do so because the address listed did not exist. However, the address on the State subpoena was 225 Colorado Street, not Colorado Avenue. In his motion, Clayton alleges that he advised counsel that Fullwally's address was 225 *304 Colorado Avenue. Attached to the trial court's order is Clayton's amended discovery disclosure which listed Fullwally's address as 225 Colorado Avenue.
Thus, we conclude that the attachments to the trial court's order do not refute Clayton's claim that counsel was ineffective for failing to call Fullwally as an alibi witness. On remand, if the trial court record does not conclusively rebut Clayton's claim, the trial court shall conduct an evidentiary hearing on the matter. See Jacobs, 29 Fla. L. Weekly at S321.
Affirmed in part, reversed in part, and remanded for further proceedings.
NORTHCUTT and COVINGTON, JJ., Concur.