892 So.2d 1119 (2004)
Michael BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4191.
District Court of Appeal of Florida, Second District.
November 17, 2004.
*1120 Michael Brown, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A jury convicted Michael Brown of delivering cocaine, possessing cocaine, and resisting an officer without violence. After Brown's convictions were final, he filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, asserting that his trial counsel was ineffective for failing to call a witness who would have given exculpatory testimony.[1] After an evidentiary hearing, the circuit court denied the claim. We reverse and remand with directions to grant Brown a new trial only on the charge of delivery of cocaine.
At Brown's trial, an undercover member of the Tampa Police Department's QUAD (Quick Uniform Attack on Drugs) Squad testified that as he sat in his car at a red light, he witnessed what he believed was a drug sale. The officer was about thirty-five feet away when he first noticed the suspicious activity, but he eventually drove within fifteen feet of the suspects. The officer said Brown was holding a small object in his hand, which the officer could not see. Brown handed this object to a woman, Mollie Cloward, and Cloward gave him paper money in return.
At this point, the undercover officer radioed uniformed officers in the area, described the suspects, and asked the other officers to arrest them. Two of the officers followed Cloward, and both of them saw her drop something as they approached. They retrieved the object, a rock of cocaine, and arrested her.
Meanwhile, another officer attempted to apprehend Brown. When the officer announced he was a Tampa policeman, Brown ran and hid behind a wall surrounding an apartment complex. When the officer finally located Brown, he found a plastic bag containing cocaine residue beneath Brown. The officer testified that it had been raining that day and that the bottom of the bag was wet, but the part of the bag closest to Brown's body was dry.
Brown's rule 3.850 motion asserted that his trial counsel was ineffective in failing to call his codefendant, Cloward, as a witness at trial. At the evidentiary hearing on the motion, Cloward said she would have testified at trial that Brown did not sell her *1121 drugs. She claimed that the transaction the QUAD Squad officer witnessed was a repayment of a loan. According to Cloward, a few hours earlier she had borrowed $20 from Brown to pay for a tire repair, and she was returning the money. Because she was still short of cash, she asked Brown if he could give her $5 back, which he did.
Brown's trial attorney, the third assistant public defender on his case, testified that the day before trial, Brown told her he had received a letter from Cloward. He did not give her the letter, nor did he tell her that Cloward wanted to testify, or what the substance of her testimony would be. Counsel attempted to locate Cloward but could not find her. She did not ask the court to continue the trial. Counsel knew that Cloward had previously pleaded guilty to possession of cocaine based on the same incident.
Brown and Cloward had been charged in the same information, in January 1998, at which time the same assistant public defender represented them both. This joint representation continued until May 12, 1998, when their second public defender asked to be removed from Brown's case because of a conflict. This conflict was based on the fact that Cloward had entered a plea to resolve her charges on May 7, 1998. The second public defender also testified at the hearing on Brown's rule 3.850 motion.
That attorney recalled that she was aware of Cloward's willingness to testify on Brown's behalf. But for reasons that counsel was unable to explain, she had the impression that Cloward would commit perjury to assist Brown. Brown's file contained her notes and the notice of conflict filed in his case. Her notes in both Brown's and Cloward's files also reflected that on May 25, 1998, at a plea colloquy, Cloward tried to tell the judge that Brown did not sell her drugs. Additionally, the files contained the notes of the first public defender involved, which stated that Cloward told him that she was merely giving Brown back money she had borrowed.
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established a two-pronged test for assessing the merits of an ineffective assistance of counsel claim. First, "the defendant must show that counsel's performance was defective[,]" and second, "the defendant must show that the deficient performance prejudiced the defense." Id.
As to the first prong of Strickland, the circuit court here found that trial counsel was not ineffective because Brown had provided her with only minimal information about Cloward just the day before his trial. The court noted counsel had attempted to investigate but she had no good faith reason to ask for a continuance. The record, however, refutes the circuit court's finding. It establishes that counsel knew or should have known that Cloward was a potential witness well before trial. Cloward was Brown's codefendant, charged in the same information. Moreover, counsel admitted that she knew, two months before Brown's trial, that Cloward had pleaded guilty to a charge stemming from the same incident. Cf. Johnson v. State, 680 So.2d 536 (Fla. 1st DCA 1996) (stating the defendant's claim that counsel failed to interview a codefendant was a facially sufficient allegation of ineffective assistance); Kilgore v. State, 631 So.2d 334, 335 (Fla. 1st DCA 1994) (same). But beyond the fact that Cloward was a codefendant, Brown's file contained numerous references to her exculpatory version of the event and her willingness to testify on his behalf.
Under the first prong of Strickland, the defendant must establish that counsel's representation fell below an objective standard of reasonableness. 466 U.S. at 688, 104 S.Ct. 2052. An attorney *1122 has a duty to make reasonable investigations in his or her cases. Squires v. State, 558 So.2d 401, 403 (Fla.1990). Trial counsel's testimony at the evidentiary hearing did not reveal any strategic or tactical reason why she did not attempt to interview Cloward sometime earlier than the day before the trial. Cf. Devaney v. State, 864 So.2d 85, 88 (Fla. 1st DCA 2003). While Brown's second public defender thought Cloward might perjure herself, nothing in the case file explained why she believed this to be so. Trial counsel cannot avoid her responsibility to investigate a witness based on unsubstantiated beliefs of another lawyer. See Rose v. State, 675 So.2d 567, 573 (Fla.1996) (noting that counsel "was not at liberty to abdicate his responsibility to [the defendant] by substituting his own judgment with that of an appellate colleague"). The evidence presented at the rule 3.850 hearing established that trial counsel's failure to investigate, locate, and call Cloward as a witness at trial was objectively unreasonable based on prevailing professional standards. Accordingly, Brown established the first prong of the Strickland test.
Because the circuit court found that counsel was not ineffective, it did not reach the second, prejudice prong of Strickland. See Schwab v. State, 814 So.2d 402, 408 (Fla.2002) (noting that on an ineffective assistance claim, the court need not address both prongs of Strickland if the defendant makes an insufficient showing on one). Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. This probability is one sufficient to undermine confidence in the outcome. Id.
In this case, the charge of delivery of cocaine was supported by the QUAD squad officer's observation of what he believed to be a drug sale and the fact that the alleged purchaser, Cloward, dropped a piece of rock cocaine when she was apprehended. When Brown was arrested, he was sitting on an empty plastic bag that contained cocaine residue, but no rocks of cocaine were discovered. Thus, the key evidence against Brown was the officer's observation of what he believed to be the sale of drugs. Cloward's testimony would have specifically contradicted the officer's impression. She would have explained that the exchange was an innocent transaction, repayment of a loan, and testified that Brown did not sell her any drugs.
The prejudice to Brown is clear. See Tyler v. State, 793 So.2d 137, 141 (Fla. 2d DCA 2001) (noting allegation, if true, that uncalled witness would provide exculpatory version of events is sufficient to show prejudice); Devaney, 864 So.2d at 88 (stating that counsel's failure to call a witness who could have cast doubt on the defendant's guilt constitutes ineffective assistance); Marrow v. State, 715 So.2d 1075, 1075 (Fla. 1st DCA 1998) (same).
We reverse and remand with directions to afford Brown a new trial on the charge of delivery of cocaine. Because counsel's error did not affect Brown's convictions for possession of cocaine and resisting an officer without violence, those convictions stand.[2]
Reversed and remanded.
ALTENBERND, C.J., and STRINGER, J., concur.
NOTES
[1] Brown raised numerous other claims in his rule 3.850 motion, which the circuit court summarily denied. We affirm the denial of those claims without discussion.
[2] It appears from the record that Brown has completed his sentences for both these crimes.