984 So.2d 581 (2008)
Versiah M. TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3617.
District Court of Appeal of Florida, First District.
June 2, 2008.
*582 Versiah M. Taylor, pro se, Appellant.
Bill McCollum, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of an order summarily denying his motion and amended motion seeking postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Together, the motion and amended motion raised some thirteen grounds, all but one claiming ineffective assistance of trial counsel. We affirm the summary denial of grounds three, four, five, six, nine, ten, eleven and twelve without further discussion. However, we are constrained to reverse the summary denial as to the remaining grounds, and to remand for further proceedings.
In grounds one and two, appellant alleged that trial counsel was ineffective for failing either to secure the attendance at trial of his co-defendant (who appellant claims would have testified that the drugs seized by the police at the time of their arrest belonged to the co-defendant, and that appellant had no knowledge of them), or to request a continuance so that the co-defendant's presence might be secured. The trial court's summary denial of these two grounds was based on the facts that the co-defendant had been subpoenaed (although the subpoena was attached to the order, there was no attachment suggesting its service) and that, at trial, appellant's lawyer stated that he would "take care of [the co-defendant's non-appearance] through other means." Neither fact relied on by the trial court conclusively shows that appellant is entitled to no relief on grounds one and two. See generally Brown v. State, 892 So.2d 1119 (Fla. 2d DCA 2004); Clayton v. State, 884 So.2d 303 (Fla. 2d DCA 2004).
In grounds seven and eight, appellant alleged that trial counsel was ineffective for failing to protect appellant's right to a speedy trial, affording the state additional time to prepare a case that was not based on any substantial evidence. The trial court denied these grounds based on the fact that appellant's lawyer had expressly waived appellant's right to a speedy trial. The trial court's basis for summarily denying grounds seven and eight misses the principal point of appellant's complaint (that his lawyer should have insisted on a speedy trial, rather than waiving that right).
Finally, in ground thirteen, appellant alleged that he was mentally incompetent to stand trial, explaining the basis for that belief. Although on appeal appellant frames this ground as one based on ineffective assistance of trial counsel, he did not do so in his motion. Nevertheless, *583 given the factual allegations made by appellant in his motion, we conclude that he is entitled to an opportunity to amend ground thirteen. See Spera v. State, 971 So.2d 754 (Fla.2007).
In summary, we affirm the summary denial as to grounds three, four, five, six, nine, ten, eleven and twelve. As to grounds one, two, seven and eight, we reverse, and remand with directions that the trial court hold an evidentiary hearing. Finally, as to ground thirteen, we reverse, and remand with directions that the trial court afford appellant a reasonable opportunity to amend.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER, DAVIS, and HAWKES, JJ., concur.