PER CURIAM.
Bernard Pew, convicted of robbery, appeals the denial of his 3.850 motion in which he alleged ineffective assistance of counsel by his trial counsel in failing to subpoena certain defense witnesses. Two witnesses had promised defense counsel they would appear on the morning of the trial at the courthouse but neither did so. These witnesses, along with a third whose deposition had been taken earlier, indicated that Pew was not involved in the scuffle in which the robbery occurred.
Pew’s counsel failed to subpoena any of these three witnesses whose testimony would have corroborated that of Pew’s sole witness. Pew’s counsel presented his witness list to the state five minutes before the trial was to begin. He admitted that he had been given this list of witnesses by Pew weeks before trial, that he had intended to subpoena the witnesses, and that the list did not receive his attention until the eve of the trial because it was placed “in” rather than “on top” of the file. He further testified that while his best recollection was that appellant wanted to “get [the trial] over with”, appellant was nevertheless adamant in having the three witnesses testify. Because counsel’s failure to subpoena Pew’s key witnesses was a deficiency which “so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined”, we vacate the appellant’s conviction and remand for a new trial. Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.), cert. denied, 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986).
CONVICTION VACATED; REMANDED FOR NEW TRIAL.
DAUKSCH and PETERSON, JJ., concur.
GRIFFIN, J., dissents without opinion.