ERVIN, Judge.
Appellant, Milton Thomas, seeks review of an order denying his motion for post-conviction relief. Because we conclude that the motion sufficiently alleges a claim for ineffective assistance of counsel, we reverse and remand for further proceedings.
Appellant was convicted, following jury trial, of two counts of possession of contraband (United States currency and marijuana) while in a county detention facility and sentenced as a habitual felony offender to ten years of imprisonment for the first count, followed by five years of probation for the second count. His convictions and sentences were affirmed on appeal, subject to a slight modification of one of the conditions of probation. Thomas v. State, 582 So.2d 831 (Fla. 1st DCA 1991).
Appellant timely filed a motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, in which he asserted four grounds for relief, one of which alleged his trial counsel’s ineffectiveness due to his failure to summon requested' witnesses who purportedly would testify that he never possessed marijuana, and counsel’s failure to move for discharge on the ground of the expiration of the speedy-trial time. In its response, the state answered that the motion should be denied as to all grounds raised, except that alleging counsel’s ineffectiveness, and as to that, the state conceded, “an evi-dentiary hearing will be required to make a full determination.” The trial court denied the motion as to all claims except that alleging his attorney’s ineffectiveness caused by his not moving for the defendant’s discharge, for which he ordered an evidentiary hearing. This claim, following hearing, was also denied. We affirm all of the trial court’s rulings with the exception of its denial of appellant’s motion which had alleged counsel’s ineffectiveness caused by his failure to contact or call witnesses, which the court summarily denied for the reason that the attorney’s decision in such regard was within his “judgment and trial strategy,” and we reverse as to it and remand the case for further proceedings.
Appellant stated in his motion that he wrote to his attorney on March 12, 1990, giving him the names of seven people who were in the cell with him at the time he was alleged to possess the contraband and who would testify in his behalf, together with the name of the jailer on duty that night. When he went to trial on July 25, 1990, his attorney, however, had not contacted any of the persons named and none was placed on the *1118 witness list. Appellant further asserted that on the date of trial, one of these witnesses, Donnell Harris, was in the courthouse, as he also was on trial. Hams was purported to have then told appellant’s attorney that he (Harris) was in jail with appellant at the time appellant was charged with possession of contraband, and that he would be glad to testify in appellant’s defense that appellant never had any marijuana. Yet, Harris was never called to testify.
We conclude that the above allegations relating to counsel’s failure to call Donnell Hams sufficiently state a claim of ineffective assistance of counsel. See Sorgman v. State, 549 So.2d 686 (Fla. 1st DCA 1989), and Majewski v. State, 487 So.2d 32 (Fla. 1st DCA 1986) (both reversing summary denial of ineffective assistance of counsel claims based on allegations that defense attorneys failed to interview and/or call witnesses, because motions sufficiently alleged grounds for relief). We therefore reverse and remand the case with instructions to the lower court to grant an evidentiary hearing. See Thomas v. State, 634 So.2d 1157 (Fla. 1st DCA 1994) (“A trial court’s finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentia-ry hearing.”).
REVERSED and REMANDED for further proceedings.
BENTON, J., concurs.
BARFIELD, J., dissents with opinion.