715 So.2d 1075 (1998)
Jimmy Leon MARROW, Appellant,
v.
STATE of Florida, Appellee.
No. 98-257.
District Court of Appeal of Florida, First District.
August 7, 1998.
Nancy A. Daniels, Public Defender, and Judith Dougherty Hall, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Trina Kramer, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, Judge.
Appellant seeks review of an order denying his motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. We conclude that one of appellant's claims of ineffective assistance of counsel is facially sufficient, and the claim was not refuted by the portions of the record attached to the order. Therefore, we reverse solely with regard to appellant's claim that trial counsel was ineffective for failing to interview and to investigate a potential witness.
"In cases involving ineffective assistance of counsel based on counsel's alleged failure to investigate and to interview witnesses, a facially sufficient motion must include the following allegations: (1) the identity of the prospective witnesses; (2) the substance of the witnesses' testimony; and (3) an explanation as to how the omission of this evidence prejudiced the outcome of the trial." See Highsmith v. State, 617 So.2d 825, 826 (Fla. 1st DCA 1993). See also Greeson v. State, 23 Fla. L. Weekly D1566 (Fla. 1st DCA June 22, 1998). In this regard, "the failure to call witnesses can constitute ineffective assistance of counsel if the witnesses may have been able to cast doubt on the defendant's guilt, and the defendant states in his motion the witnesses' names and the substance of their testimony, and explains how the omission prejudiced the outcome of the trial." See Jackson v. State, 711 So.2d 1371, 23 Fla. L. Weekly D1472, D1473 (Fla. 4th DCA June 17, 1998), citing Sorgman v. State, 549 So.2d 686 (Fla. 1st DCA 1989). See also McCaskill v. State, 666 So.2d 1049 (Fla. 1st DCA 1996); Thomas v. State, 639 So.2d 1117, 1118 (Fla. 1st DCA 1994).
Appellant in this case alleged that he asked defense counsel to interview and to call as a witness an individual known as Chuck. The motion states that Chuck bears more similarity than does appellant to the description of the burglar which was given by Mr. Williams, a passer-by witness. The motion also states that appellant told defense counsel where Chuck's mother lived, told counsel the co-defendant was dating Chuck's sister at the time of the burglary, and told counsel that the co-defendant and Chuck were close friends. Appellant alleged that if Chuck had *1076 been called as a witness, his appearance and his testimony to the facts as alleged by appellant would have created a reasonable doubt in the minds of jurors as to the co-defendant's credibility, and the passer-by identification of appellant as the burglar.
The motion does not set forth the complete name of the potential witness, but it appears the witness was identified with sufficient specificity to permit defense counsel to locate and to interview him. Appellant alleged that he knew the co-defendant slightly, but Chuck was a close friend of the co-defendant. Appellant further alleged that the co-defendant's friendship with Chuck, together with the co-defendant's need to provide the state with a suspect to secure a plea agreement, furnished the motive for the co-defendant to identify appellant, rather than Chuck, as his accomplice in the burglary.
We conclude the foregoing allegations are facially sufficient to require an evidentiary hearing or further attachment of portions of the record which conclusively refute the claim. The identity of the accomplice was the critical issue in the state's case against appellant. Assuming that Chuck's build is similar to the description given by the passer-by witness, and his testimony at trial established that he and the co-defendant are friends, there is a reasonable possibility that Chuck's appearance at trial could have cast doubt on the identity of appellant as the accomplice in the burglary.
Accordingly, we reverse that portion of the order denying post-conviction relief as to appellant's claim that his trial counsel was ineffective for failing to interview and to investigate a potential witness. This portion of the order is remanded either for attachment of further portions of the record which conclusively demonstrate that appellant is entitled to no relief, or for an evidentiary hearing. The trial court's denial of the remaining claims of ineffective assistance of counsel is affirmed.
BARFIELD, C.J., and WOLF, J., concur.