737 So.2d 1166 (1999)
Andre AVERY, Appellant,
v.
STATE of Florida, Appellee.
No. 99-00987.
District Court of Appeal of Florida, Second District.
July 2, 1999.
*1167 PER CURIAM.
Andre Avery appeals the summary denial of a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Only one ground asserted by Avery has merit, and on that ground we reverse. The order of the trial court is affirmed in all other respects.
Avery was convicted of sale of cocaine and sentenced to fifteen years in prison. He was arrested after selling a twenty-dollar piece of rock cocaine to an undercover officer. Avery's trial counsel, in opening statement, asserted that Avery did not have a twenty-dollar bill in his possession when arrested minutes after the sale, and that the absence of the bill when he was arrested showed that Avery was not the individual who sold the cocaine to the officer. Avery asserts that his trial counsel was ineffective because, after raising this issue, he did not call the arresting officer or any witness to testify in support of this defense, nor did he elicit the information in cross-examination.
Arguing this defense in opening, and presenting no evidence to support the defense during the trial, constitutes ineffective assistance of counsel. Avery's attorney may have had a valid reason for his conduct, or the facts may be different from Avery's allegations, but this cannot be determined from the order of the trial court.
In addition, Avery has adequately stated a claim of ineffective assistance of counsel for not interviewing and/or calling a witness. See Marrow v. State, 715 So.2d 1075 (Fla. 1st DCA 1998). Although Avery does not provide the name of the arresting officer, he does provide enough specificity so that his counsel could have located the arresting officer and interviewed him to determine whether Avery's contention is correct. Given Avery's version of the facts, which are undisputed by any attachments to the order denying relief, the missing money could have raised enough doubt in the mind of the jury to have affected the outcome of the trial.
The trial court is directed to reconsider the motion. Although it is unlikely that this issue can be resolved without an evidentiary hearing, the court should attach those portions of the record that conclusively refute Avery's allegations if it again summarily denies the claim.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and FULMER and STRINGER, JJ., Concur.