750 So.2d 57 (1999)
Larry Bernard PACE, Appellant,
v.
STATE of Florida, Appellee.
No. 99-00660.
District Court of Appeal of Florida, Second District.
August 11, 1999.
PER CURIAM.
Larry Pace appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the trial court's ruling on Pace's claim of ineffective assistance of counsel for instructing a key witness not to appear at trial because the attachments to the order of denial do not conclusively refute that claim. We affirm the order denying relief on the four remaining grounds without discussion.
Pace was convicted by a jury of one count of aggravated battery and one count of battery and was sentenced to fifteen *58 years in prison as a habitual offender. In his rule 3.850 motion, Pace claims that trial counsel instructed the victim, who was under a State subpoena, not to appear at trial. Pace contends that her testimony would have supported his claim of self-defense and would have established that he did not cause the injuries. He further alleges that trial counsel's instruction to the victim could not have been a matter of trial strategy because counsel did not interview the victim and, therefore, could not have known the substance of her testimony.
Pace's claim is analogous to one based on ineffective assistance for failure to interview and/or call a witness who could have provided exculpatory evidence. Counsel's failure in this regard can constitute ineffective assistance of counsel. See Marrow v. State, 715 So.2d 1075, 1075 (Fla. 1st DCA 1998) (holding "the failure to call witnesses can constitute ineffective assistance of counsel if the witnesses may have been able to cast doubt on the defendant's guilt, and the defendant states in his motion the witnesses' names and the substance of their testimony, and explains how the omission prejudiced the outcome of the trial"). We conclude that Pace has adequately stated a claim of ineffective assistance on this ground.
The trial court denied relief on this claim, reasoning that the victim had been found to have wilfully failed to appear at trial. In support of denial, the trial court attached a copy of the judgment of contempt and order of probation entered against the victim for failure to appear at Pace's trial. These attachments, however, fail to conclusively refute Pace's allegation that the victim was acting on trial counsel's instruction not to appear. Accordingly, we reverse the ruling on this claim and remand the case to the trial court. On remand, the trial court shall either hold an evidentiary hearing on this ground or again summarily deny the motion, attaching those portions of the record which conclusively refute this claim.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and FULMER and DAVIS, JJ., Concur.