752 So.2d 1234 (2000)
Rex Cameron HONORS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-766.
District Court of Appeal of Florida, Second District.
February 25, 2000.
Rehearing Denied March 15, 2000.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Rex Cameron Honors, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Davis G. Anderson, Jr., Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Rex Cameron Honors appeals the denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure *1235 3.850. Honors alleged that his attorney, an assistant public defender,[1] failed to subpoena or otherwise secure the attendance at trial of an exculpatory witness; he also argued that trial counsel denied him the right to testify in his own behalf. After carefully reviewing the record, the briefs, and the law, we conclude that Honors received ineffective assistance of counsel. Accordingly, we reverse the denial of his motion for post-conviction relief.
In 1995, Honors was convicted of burglary of a structure, petit theft (a lesser charge), and misdemeanor criminal mischief. For the burglary conviction, he received five years in prison as a habitual offender. The circumstantial evidence case rested on Honors' unexplained possession of recently stolen property. See Fla. Std. Jury Instr. (Crim.) 1039 ("Proof of unexplained possession by an accused of property recently stolen by means of a burglary may justify a conviction of burglary...."). In his motion for post-conviction relief, Honors alleged that he bought the property from two men and was later stopped by the police with the property in his possession. Honors asserted that he wanted to testify to explain how he acquired the property and that a named witness saw his purchase of the property and would corroborate his testimony.
At the postconviction evidentiary hearing, defense counsel recalled very little about the case. He testified that he knew the witness's name and the substance of her testimony at least one week before trial although there are indications that he or his investigator learned of the witness even earlier. Defense counsel did not, however, subpoena this witness. He testified that he was not able to issue a subpoena because he learned about her so late. He later testified that she seemed like a friendly witness and he may have felt that it was unnecessary to issue a subpoena. The witness came to the courthouse on the morning of trial and spoke with defense counsel. She asked what time the trial would be and defense counsel told her it would take place after jury selection. The witness then said that she had to leave. At the evidentiary hearing, the witness testified that she left but later returned. She also stated what her testimony would have been in the original trial, consistent with her affidavit that Honors filed with his motion. Defense counsel told the jury during opening statements that he would call this witness and she would testify that his client purchased the items. Defense counsel, however, put on no such evidence.
To gain postconviction relief based on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that this deficient performance was so serious that the defendant was deprived of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[A] fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the "ample opportunity to meet the case of the prosecution" to which they are entitled. Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 276, 63 S.Ct. 236, 87 L.Ed. 268 (1942).
466 U.S. at 685, 104 S.Ct. 2052 (parallel citations omitted). The failure to call a witness who could have provided exculpatory evidence constitutes ineffective assistance of counsel if the testimony may have cast doubt on the defendant's guilt and the defendant states the witness's name, the *1236 substance of the testimony, and how the omission of that testimony prejudiced the outcome of the trial. See Pace v. State, 750 So.2d 57 (Fla. 2d DCA 1999). This court has recognized that the failure to investigate or call an exculpatory witness "presents a prima facie showing of entitlement to relief, subject to rebuttal by evidence from the record or testimony at an evidentiary hearing." Prieto v. State, 573 So.2d 398, 399 (Fla. 2d DCA 1991) (reversing summary denial of motion for postconviction relief). Furthermore, "arguing [a] defense in opening, and presenting no evidence to support the defense during the trial, constitutes ineffective assistance of counsel." Avery v. State, 737 So.2d 1166, 1167 (Fla. 2d DCA 1999) (reversing summary denial of motion for postconviction relief).
In this case, defense counsel failed to secure the attendance of an exculpatory witness in a circumstantial evidence case. Her testimony, had it been offered, would have cast doubt on the only evidence linking Honors to the crime by explaining how he came into possession of recently stolen property. This error was exacerbated by defense counsel's opening statement when he told the jury to expect such testimony. We conclude that Honors has met the Strickland test by showing error and prejudice. Accordingly, we reverse the denial of the motion for postconviction relief and remand for a new trial.
Reversed and remanded for new trial.
FULMER and DAVIS, JJ., Concur.
NOTES
[1] The assistant public defender representing Honors on appeal did not act as his defense counsel at trial.