838 So.2d 633 (2003)
Donna BENNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3348.
District Court of Appeal of Florida, First District.
February 28, 2003.
*634 James T. Miller, Jacksonville, for Appellant.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the trial court's order summarily denying her postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court failed to attach portions of the record to conclusively refute Appellant's claim that counsel was ineffective for failing to investigate her claim that the victim misidentified her, we reverse. We affirm all other issues raised in Appellant's motion without discussion.
Appellant entered a plea of guilty as a matter of convenience to grand theft auto, and she was sentenced to time served. Subsequently, Appellant filed the present motion in which she alleged that her counsel was ineffective for failing to investigate her claim that the victim misidentified her.
In order to allege a facially sufficient claim of ineffective assistance of counsel for failure to investigate and interview a witness, the claim must state the identity of the witness, the substance of the witness' testimony, and an explanation of how the omission of this testimony prejudiced the outcome of the case. Marrow v. State, 715 So.2d 1075 (Fla. 1st DCA 1998). In the instant case, Appellant identified the witness as the victim, attached a notarized affidavit of the victim stating that Appellant was not the person who stole his car, and she explained that she would not have entered a plea of guilty if the only witness had not identified her as the person who stole his car. In addition, the record reflects that Appellant asserted her innocence throughout the proceeding, as evidenced by her entry of her plea of convenience. Under these limited circumstances, Appellant has made a facially sufficient claim of ineffective assistance of counsel in spite of her entry of a plea.
Because the trial court's attachments do not conclusively refute Appellant's claim, we reverse the summary denial of Appellant's claim that her counsel was ineffective for failing to ascertain whether the victim had correctly identified Appellant. We otherwise affirm the trial court's order, and remand for the trial court to either support its summary denial with record excerpts conclusively establishing that Appellant is entitled to no relief or to conduct an evidentiary hearing on the claim.
AFFIRMED in part; REVERSED in part, and REMANDED.
BOOTH and WOLF, JJ., concur; KAHN, J., concurs with written opinion.
KAHN, J., concurring.
I agree with the reversal and remand in this case. On the specific facts before us, this result is consistent with positions that I have previously urged:

*635 I see no reason why a post-conviction petitioner, should not normally have to allege, as support for the claim of prejudice in fact, that the petitioner either had a procedural defense to the charge or a factual defense that would have been viable had the case proceeded to trial, instead of concluding with a plea.
Mason v. State, 742 So.2d 370, 372 (Fla. 1st DCA 1999) (Kahn, J., concurring). In this case, Appellant, as detailed by the majority opinion, has plainly shown the existence of a viable defense that was, at least arguably, denied her because of ineffective assistance of trial counsel.