839 So.2d 873 (2003)
Nelson Louis TERRERO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-172.
District Court of Appeal of Florida, Third District.
March 12, 2003.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and SHEVIN and RAMIREZ, JJ.
RAMIREZ, J.
Nelson Louis Terrero appeals the trial court's denial of his motion for postconviction relief following an evidentiary hearing. We reverse because trial counsel's failure to call an exculpatory witness constituted ineffective assistance of counsel.
Terrero was charged and convicted of one count of armed robbery and sentenced to thirty years in prison. He filed a motion for postconviction relief alleging that trial counsel was ineffective for failing to call exculpatory witness Marsha Firestone at trial. At an evidentiary hearing, Terrero's *874 trial counsel testified that she deposed Marsha Firestone who had viewed a photographic line-up that included a picture of Terrero. Firestone stated that the person she saw commit the robbery was not in that group of photographs. Counsel then decided that Firestone would be called as a defense witness at trial. However, counsel filed a speedy trial demand without first ascertaining Firestone's availability to testify. The case was set for trial on August 13, 1997, and counsel subsequently discovered that Firestone would be unavailable to testify until August 20. Counsel testified that she decided not to seek a continuance so as to ensure that Firestone could testify at trial because of inconsistencies in Firestone's statements concerning this case.
Firestone testified at the hearing that she was standing directly in front of the house when the robbery took place. Although she did not get a very good look at the robbers, she was able to observe that they were both African-Americans. When a police detective subsequently showed her a group of photographs which included a photograph of Terrero, she told the detective that the man she saw holding the gun during the robbery was not in that group of photographs. She stated that each man in the group of photographs had a distinctive Hispanic look, and that the man she had seen commit the crime did not have such a look.
The trial court denied the motion for postconviction relief finding that Terrero's claim must be denied because, absent extraordinary circumstances, failure of counsel to call a witness is not ground for collateral attack. The trial court further found that Firestone was unavailable to testify at trial, that trial counsel made a tactical decision not to delay the trial, and that Firestone's testimony would not have cast doubt on Terrero's guilt.
In a motion for rehearing, Terrero attached Firestone's sworn statement that once she was able to observe him at the hearing, she saw that his body type was different from the man who had committed the robbery. The trial court denied the motion for rehearing.
The sole evidence against Terrero was the testimony of the robbery victim. Under any circumstance, Firestone must be viewed as a crucial witness because her testimony could have created a reasonable doubt about the identification of Terrero as the perpetrator of the crime. Firestone was a disinterested witness who lived three houses away from the scene of the robbery. Despite inconsistencies in her testimony, she must be viewed as crucial to the defense under the circumstances.
In Honors v. State, 752 So.2d 1234 (Fla. 2d DCA 2000), the court stated:
The failure to call a witness who could have provided exculpatory evidence constitutes ineffective assistance of counsel if the testimony may have cast doubt on the defendant's guilt and the defendant states the witness's name, the substance of the testimony, and how the omission of that testimony prejudiced the outcome of the trial.
Id. at 1235-36 (citing Pace v. State, 750 So.2d 57 (Fla. 2d DCA 1999)). The court concluded that Honors had met the Strickland test by showing error and prejudice. Id. at 1236. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (To gain postconviction relief based on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that this deficient performance was so serious that the defendant was deprived of a fair trial).
We find the facts of this case indistinguishable from Pew v. State, 639 So.2d 693, 694 (Fla. 5th DCA 1994), which concluded *875 that "counsel's failure to subpoena Pew's key witnesses was a deficiency which `so affected the fairness and reliability of the proceeding that confidence in the outcome [was] undermined.'" Instead of failing to subpoena, counsel here failed to ascertain the availability of the key witness.
Because counsel had initially determined to call Firestone, we reject the trial court's conclusion that counsel made a strategic decision not to call her. Only when counsel realized her mistake did she discount the value of Firestone's testimony. At that point, counsel could not rescind her speedy trial demand and was trying to justify an untenable situation. The trial court relied on Cooley v. State, 642 So.2d 108, 109 (Fla. 3d DCA 1994) ("Absent extraordinary circumstances, failure of counsel to call a witness is not a ground for collateral attack."). We conclude that the failure to call a disinterested eyewitness to a crime where identification is an issue and there is no corroborating evidence of guilt constitutes extraordinary circumstances.
Reversed.