845 So.2d 312 (2003)
Richard COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4405.
District Court of Appeal of Florida, Second District.
May 16, 2003.
*313 STRINGER, Judge.
Richard Cooper appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We conclude the motion sets forth one colorable claim. In his first claim for relief, Mr. Cooper alleges his trial counsel was ineffective for failing to call a community control supervisor as an exculpatory witness to testify she gave Mr. Cooper permission to postpone having a Global Positioning System (GPS) monitor on. This allegation satisfies rule 3.850(c) and the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Gaskin v. State, 737 So.2d 509 (Fla.1999); Honors v. State, 752 So.2d 1234, 1235-36 (Fla. 2d DCA 2000).
The portion of the record the trial court attached to its order summarily denying Mr. Cooper's motion does not refute this claim conclusively. We take judicial notice of this court's record of Mr. Cooper's plenary appeal of his community control violation, which includes the revocation hearing transcript to which the trial court refers in its order. Review of that transcript shows the order describes accurately the testimony of the community control officer upon which the court relied to deny this claim, that his supervisor told him Mr. Cooper never mentioned the GPS monitor when she talked to him. However, if Mr. Cooper's counsel had called the officer's supervisor to testify and her testimony was what he claimed it would be that she told Mr. Cooper not to worry about having the GPS monitor put onthe outcome of the proceeding likely would have been different.
Therefore, the community control officer's hearing testimony does not refute this claim conclusively. Accordingly, the trial court's summary denial of this claim is reversed, and this case is remanded for an evidentiary hearing. We affirm the trial court's summary denial of the remaining claims.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and COVINGTON, JJ., Concur.