965 So.2d 302 (2007)
Bruce JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-6424.
District Court of Appeal of Florida, First District.
September 18, 2007.
*303 Bruce Jackson, pro se, Appellant.
Bill McCollum, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the appellant has stated a facially sufficient claim that his trial counsel was ineffective for failing to call an exculpatory witness, we reverse. All other issues are affirmed without further discussion.
Following a jury trial, the appellant was convicted and sentenced as a habitual felony offender for two counts of sale or delivery of cocaine. This court affirmed his judgment and sentence. See Jackson v. State, 875 So.2d 1243 (Fla. 1st DCA 2004) (unpublished table opinion).
In the instant rule 3.850 motion, the appellant alleged that his counsel was ineffective for failing to call an exculpatory witness. In order to allege a facially sufficient claim of ineffective assistance of counsel for failure to call a witness, the claim must contain the identity of the witness, a description of the witness's testimony, an explanation of how the omission of this testimony prejudiced the outcome of the appellant's case and that the witness was available. See Nelson v. State, 875 So.2d 579, 583 (Fla.2004); Bennett v. State, 838 So.2d 633 (Fla. 1st DCA 2003). Because the appellant satisfied the specific pleading requirement, his motion is facially sufficient. Furthermore, the trial court did not refute his allegations with record attachments.
We, therefore, reverse the summary denial of the appellant's claim alleging ineffective assistance of counsel regarding the failure to call an exculpatory witness and remand for the trial court to either attach record portions conclusively refuting the appellant's claim or for an evidentiary hearing. All other issues are affirmed.
Affirmed in part; reversed in part and remanded.
KAHN, PADOVANO, and HAWKES, JJ., concur.