PER CURIAM.
The appellant challenges the trial court’s order summarily denying his motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the summary denial of appellant’s facially sufficient claim that his trial counsel was ineffective for failing to call a witness. All other issues are affirmed without further discussion.
The appellant alleges that his counsel was ineffective for failing to call his wife as a witness. In order to allege a facially sufficient claim of ineffective assistance of counsel for failure to call a witness, the claim must contain the identity of the witness, a description of the witness’s testimony, an explanation of how the omission of this testimony prejudiced the outcome of the appellant’s case and that the witness was available. See Nelson v. State, 875 So.2d 579, 583 (Fla.2004); Bennett v. State, 838 So.2d 633 (Fla. 1st DCA 2003). The appellant satisfied the specific pleading requirement and his motion is facially sufficient. Furthermore, the state concedes that the trial court did not address this claim in its order or attach record portions to conclusively refute it.
We, therefore, reverse the summary denial of the appellant’s claim alleging ineffective assistance of counsel for failing to call a witness and remand for the trial court to either attach record portions conclusively refuting the appellant’s claim or for an evidentiary hearing. All other issues are affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WOLF, WEBSTER and CLARK, JJ., concur.