MAY, J.
The defendant appeals his conviction and sentence for aggravated battery. He argues that his counsel was ineffective, resulting in his conviction. We agree. This is one of those rare instances where defense counsel’s ineffectiveness is apparent on the face of the record. We therefore reverse and remand the case for the trial court to vacate the sentence and conviction, and for proceedings consistent with this opinion.
The State charged the defendant with aggravated battery for a fight that occurred between the defendant and the victim. It was a classic case of “he said, he said” with each participant claiming that the other was the aggressor. The defendant’s then girlfriend was the only other person to witness the altercation. Defense counsel admitted he failed to timely subpoena the girlfriend for trial. As a result, she failed to appear and the case went to the jury based on the testimony of the two participants to the fight.
The jury found the defendant guilty of aggravated battery. At the sentencing hearing, defense counsel asked the trial court to downwardly depart and sentence the defendant to time served. He argued that the victim was actually the aggressor, and but for his failure to secure the girlfriend as a witness, the defendant would have been acquitted.
The girlfriend appeared at the sentencing and testified to the facts surrounding the altercation. Her testimony was consistent with the defendant’s version of the facts and inconsistent with the victim’s testimony. She testified that the victim had stalked her and taunted the defendant pri- or to the altercation. She believed that the victim thought he had a chance to reunite with her if the defendant was not in the picture.
The court sentenced the defendant to thirty-six months in prison with credit for time served. From his conviction and sentence, the defendant now appeals. He argues that his counsel’s deficiency in failing to timely subpoena the only other witness to the event prejudiced him. We agree.
We do not usually address ineffective assistance of counsel claims on direct appeal.
With rare exceptions, ineffective assistance of counsel claims should be raised in a motion for post-conviction relief because they are generally fact-specific. “Only in cases where the incompetence and ineffectiveness of counsel is apparent on the face of the record and prejudice to the defendant is obvious do appellate courts address this issue on direct appeal.”
Aversano v. State, 966 So.2d 493, 494-95 (Fla. 4th DCA 2007) (citations omitted). To establish such a claim, the defendant must show the deficiency in counsel’s performance and prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
This case presents that rare instance where counsel’s deficiency and the resulting prejudice are apparent from the record. At the sentencing, defense counsel practically admitted he was ineffective in failing to secure the girlfriend as a witness: ‘Well, Judge, on that point, I beg your pardon for interrupting. It’s my *658 fault that she [wasn’t] here. It’s my fault. His attorney’s fault that she was not placed under subpoena earlier and given fuller notice.... I’m contending that there’s — you know, there’s some element of my own ineffectiveness here.”
As can easily be seen from the transcript of the sentencing hearing, the defendant’s former girlfriend would have testified consistently with the defendant and inconsistently with the victim. She also provided a motive for the victim to have attacked the defendant.
Although this case comes before us on direct appeal, it is virtually indistinguishable from the facts in Pew v. State, 639 So.2d 693 (Fla. 5th DCA 1994).
In Pew, defense counsel failed to subpoena key witnesses, who would have testified that Pew was not involved in the robbery with which he was charged. “Because counsel’s failure to subpoena Pew’s key witnesses was a deficiency which so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined,” the court reversed the order denying his motion for post-conviction relief, vacated the conviction, and remanded the case for a new trial. Id. at 694 (internal quotations omitted); see also Terrero v. State, 839 So.2d 873, 875 (Fla. 3d DCA 2003) (reversing and remanding where the facts were indistinguishable from those in Pew).
Here, there were three people at the scene of the altercation. The defendant and victim testified at trial, each giving a significantly different version of the facts. The only other person to witness the event was the defendant’s former girlfriend. The defendant has sustained his burden of establishing deficient performance, which was basically admitted by his counsel at the sentencing hearing. Prejudice is apparent on the face of this record.
We therefore reverse and remand the case to the trial court to vacate the sentence and conviction and for proceedings consistent with this opinion.[1]

Reversed and Remanded.

DAMOORGIAN, C.J., and WARNER, J., concur.

. We note the defendant received three years in prison on August 22, 2012, with credit for time served. He was released on April 4, 2014.