IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JASON SCOTT DOWNS,

      Appellant,

 v.                                         Case No.  5D16-3535

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 1, 2017

3.850 Appeal from the Circuit
Court for Brevard County,
Charles J. Roberts, Judge.

Jason S. Downs, Melbourne, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Jason Downs was charged with showing obscene material to a minor (count one),

forcing or enticing a minor to commit a lewd or lascivious act (count two), and knowingly

committing a lewd or lascivious act in the presence of a minor (count three). The evidence

against Downs consisted of the child victim's allegations of what occurred while Downs

was babysitting the victim. Downs was acquitted of count one, but he was convicted of

counts two and three. His convictions were affirmed on direct appeal. Downs v. State,

823 So. 2d 789 (Fla. 5th DCA 2002).

Downs now appeals from the denial of his motion for postconviction relief timely filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] Downs's motion raised four grounds of ineffective assistance of his trial counsel: (1) counsel's failure to assert a defense theory; (2) counsel's failure to investigate or call exculpatory witnesses; (3) counsel's advice to reject a favorable plea offer; and (4) counsel's refusal to allow Downs to testify on his own behalf. The postconviction court summarily denied grounds one and two, and denied grounds three and four after an evidentiary hearing. Because the record attachments do not conclusively refute the claims made in grounds one and two, we reverse and remand for an evidentiary hearing or for record attachments conclusively refuting those claims. We affirm the denial of grounds three and four without further discussion.

In ground one of his motion, Downs argued that his trial counsel never interviewed him or asked for his version of events, did not interview or investigate the State's witnesses, and did not present a defense theory at trial. Downs claimed that counsel's sole strategy "was to preserve the opportunity to twice speak in closing arguments, the so-called argument 'sandwich.'"[2] Downs relies on Cole v. State, 700 So. 2d 33 (Fla. 5th

---

[1] In 2014, this Court reversed the summary denial of Downs's petition to file a belated motion for postconviction relief, finding it was timely filed pursuant to the prospective application of rule 3.850(b)(3). Downs v. State, 135 So. 3d 521 (Fla. 5th DCA 2014). The postconviction court subsequently granted the petition.

[2] The "sandwich" argument was the defense's ability to give first and last closing argument if the defense presented no evidence; the defense retained the "sandwich" argument if the defense only presented the testimony of the defendant. This process was delineated in Florida Rule of Criminal Procedure 3.250, which was in effect at the time of Downs's trial; the Florida Supreme Court subsequently adopted Florida Rule of Criminal Procedure 3.381, "confirming that the State is entitled to opening and rebuttal closing arguments even if the defense presents no case-in-chief." Beasley v. State, 18 So. 3d

DCA 1997), in which this Court disapproved of the same trial strategy and found that counsel's performance was per se deficient.[3]

The postconviction court noted that Downs's counsel told him that the trial strategy "was to not call any witnesses for the defense and to not perform any sort of pretrial investigation," but Downs retained him anyway. The court found that counsel pursued the defense that the victim fabricated the allegations to gain his mother's attention. The court found that although counsel did not depose or investigate the State's witnesses, counsel was aware of their statements prior to trial based on the child victim hearsay hearing and "vigorously argued against the admissibility of those hearsay statements." The court also found that counsel effectively cross-examined the State's witnesses and noted the lack of physical evidence against Downs. Counsel also successfully moved to exclude a videotaped interview with the victim, obtained a judgment of acquittal on count one, and secured a downward departure, youthful offender sentence and a withhold of adjudication. Thus, based on the totality of the representation, the court summarily denied this claim, finding that Downs failed to demonstrate prejudice.

As an initial matter, "[a] client's acquiescence in trial counsel's conduct does not necessarily insulate the lawyer's performance from judicial review in a postconviction proceeding." Evans v. State, 737 So. 2d 1167, 1168 (Fla. 2d DCA 1999). Thus, the postconviction court's finding that Downs knew about counsel's trial strategy and

---

473, 492 n.5 (Fla. 2009) (citing In re Amends. to Fla. Rules of Crim. Proc.-Final Arguments, 957 So. 2d 1164, 1166–67 (Fla. 2007)).

[3] The attorney in Cole was the same attorney who represented Downs during his trial. In Cole, this Court noted that counsel "had a blanket policy regarding first and last closing argument without examining the circumstances and potential defenses of each case." Cole, 700 So. 2d at 36.

"nevertheless retained him for representation" is unavailing. In addition, the record attachments do not conclusively refute Downs's claim that counsel pursued a blanket trial strategy and failed to interview or depose the State's witnesses. The court acknowledged that Downs's counsel did not investigate or depose the State's witnesses but concluded that counsel effectively cross-examined the witnesses and noted the lack of physical evidence against Downs. However, these findings do not refute Downs's claim that his counsel failed to investigate his defense theory that he could not have committed the crimes. Therefore, we reverse and remand ground one either for attachment of records conclusively refuting this claim or for an evidentiary hearing.

In ground two, Downs alleged ineffective assistance of trial counsel for failing to investigate, interview, or depose any defense witnesses. Specifically, Downs claimed that his trial counsel should have deposed his parents and his prior girlfriend, all of whom would have corroborated his defense that he was never alone with the victim. Downs also argued that counsel was ineffective for failing to depose or investigate the victim's sister. He argued that he was prejudiced by this failure because counsel was unable to corroborate his defense theory. Thus, he claimed that because of trial counsel's deficiency, he was found guilty of crimes that he did not commit.

"[F]ailure to investigate or call an exculpatory witness 'presents a prima facie showing of entitlement to relief, subject to rebuttal by evidence from the record or testimony at an evidentiary hearing.'" Honors v. State, 752 So. 2d 1234, 1235–36 (Fla. 2d DCA 2000) (quoting Prieto v. State, 573 So. 2d 398, 399 (Fla. 2d DCA 1991)). Downs alleged that the victim's sister was always present when he was babysitting. In denying this claim, the court relied on the victim's mother's testimony that her daughter was at a

4

school dance when the incident occurred, but the court also found in a different portion of its order that a detective testified that the victim's sister was in the home at the time of the incident. Downs's motion raises a facially sufficient claim by alleging that counsel was deficient in failing to investigate, depose, or call the victim's sister as a witness, and that he was prejudiced by such failure because that testimony could have corroborated his defense theory that he was never alone with the victim and could not have committed the crimes as alleged.

In addition, Downs also claims that his former girlfriend "was always present when [he] was caring for the children." He claimed that she would have corroborated his defense that he was never alone with the victim, and therefore he had no opportunity to commit the crimes. Again, the postconviction court relied on the victim's mother's testimony in denying this claim. However, the mother's testimony does not refute Downs's allegation that the girlfriend could have provided exculpatory testimony, and that Downs's trial counsel was deficient in failing to investigate this potential witness. Because this facially sufficient claim was not refuted by the records attached to the postconviction court's order, summary denial of ground two was improper. See Santos v. State, 152 So. 3d 817, 819 (Fla. 5th DCA 2014) ("The failure to call a witness can constitute ineffective assistance of counsel if the witness might be able to cast doubt on the defendant's guilt. Although defense counsel is entitled to broad deference regarding trial strategy, a finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing." (citations omitted)); Honors, 752 So. 2d at 1235–36 ("The failure to call a witness who could have provided exculpatory evidence constitutes ineffective assistance of counsel if the testimony may have cast doubt on the defendant's

5

guilt and the defendant states the witness's name, the substance of the testimony, and how the omission of that testimony prejudiced the outcome of the trial."). Therefore, we reverse the summary denial of grounds one and two and remand for the postconviction court either to attach records conclusively refuting these claims or to hold an evidentiary hearing.

AFFIRMED IN PART, REVERSED IN PART; AND REMANDED.

COHEN, C.J., PALMER and EISNAUGLE, JJ., concur.