NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JAMES LeCLAIRE,                          )
                                         )
              Appellant,                 )
                                         )
v.                                       )          Case No. 2D17-934
                                         )
STATE OF FLORIDA,                        )
                                         )
              Appellee.                  )
_____  )

Opinion filed May 25, 2018.

Appeal from the Circuit Court for Hendry
County; James D. Sloan, Judge.

James LeClaire, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa, for
Appellee.



PER CURIAM.

          James LeClaire appeals from the order denying his motions filed pursuant

to Florida Rule of Criminal Procedure 3.850 in two separate circuit court cases.  We

affirm in part and reverse in part.

LeClaire's motions raise multiple claims of ineffective assistance as to a 2004 case and a 2010 case. LeClaire entered an open plea to the charges in the 2004 case after being convicted following a trial in the 2010 case. The cases involved the same victim, and LeClaire was charged with several counts of aggravated battery and sexual battery.

The postconviction court summarily denied a number of LeClaire's claims and denied the remaining claims following an evidentiary hearing. We reverse the denial of two summarily denied claims bearing on the 2010 case and the denial of one claim following an evidentiary hearing and bearing on the 2004 case.

In his motion claiming ineffective assistance of trial counsel in the 2010 case, LeClaire contended that counsel was ineffective for failing to investigate and call two witnesses at trial, Alvin Freeman and Tracy Thomas. LeClaire argued that these witnesses would have supported his defense that no sexual battery occurred because they would have testified that the victim and LeClaire arrived at Mr. Freeman and Ms. Thomas's apartment together and were affectionate to one another, that the victim was not in distress, and that the victim spoke of having had "birthday sex" with LeClaire after the victim and LeClaire emerged from the bathroom together. LeClaire contended that these witnesses' testimony would have contradicted the victim's trial testimony.

LeClaire's claim is facially sufficient, and he alleged how the failure to call Mr. Freeman and Ms. Thomas prejudiced him. "[T]he failure to investigate or call an exculpatory witness 'presents a prima facie showing of entitlement to relief, subject to rebuttal by evidence from the record or testimony at an evidentiary hearing.' " Honors v. State, 752 So. 2d 1234, 1236 (Fla. 2d DCA 2000) (quoting Prieto v. State, 573 So. 2d

- 2 -

398, 399 (Fla. 2d DCA 1991)). The records attached to the postconviction court's order do not refute LeClaire's claim. Further, the alleged testimony would be admissible for impeachment purposes, and it would support LeClaire's defense on that basis. See Floyd v. State, 202 So. 3d 137, 140 (Fla. 2d DCA 2016) (reversing the summary denial of a claim of newly discovered evidence where the witnesses' statements would have been admissible only for impeachment purposes, would have supported the defendant's theory of defense, and the claim was not refuted by the record). Thus, summary denial of this claim was improper. See Downs v. State, 227 So. 3d 694, 697 (Fla. 5th DCA 2017).

With regard to the 2010 case, LeClaire also raised a claim of cumulative error which was summarily denied. In light of our reversal of the denial of his claim that counsel was ineffective for failing to call two witnesses, we cannot fully address the claim of cumulative error and thus remand for further consideration. See Osorio v. State, 233 So. 3d 516, 517 (Fla. 2d DCA 2017).

In his motion claiming ineffective assistance of counsel in the 2004 case, LeClaire contended that counsel failed to advise him that the trial court could run his sentences in the 2004 case consecutively to his sentences in the 2010 case. The postconviction court did not address this claim as it was raised; rather, the postconviction court addressed it as a claim of affirmative misadvice and denied it following the evidentiary hearing. The court relied upon counsel's testimony that she did not advise LeClaire that his sentences in the 2004 case would run concurrently with his sentences in the 2010 case, finding that testimony more credible than LeClaire's. However, where the postconviction court fails to address the claim as raised, remand is

appropriate.  See Winfrey v. State, 226 So. 3d 897, 897-98 (Fla. 4th DCA 2017) ("The trial court failed to rule on Winfrey's claim within ground one that counsel failed to advise him, before he entered an open plea, that the court could impose consecutive sentences.  We therefore reverse and remand for the trial court to consider that claim.").

Further, neither the record attachments nor the testimony at the evidentiary hearing reflect that counsel or the trial court advised LeClaire what the maximum sentences could be, that those sentences could be imposed consecutively to his 2010 sentences, or what his maximum exposure would be.  See Odegaard v. State, 137 So. 3d 505, 508 (Fla. 2d DCA 2014).  At the evidentiary hearing, trial counsel was not asked whether she advised LeClaire that the court could impose consecutive sentences.  Accordingly, we reverse the denial and remand for consideration of whether trial counsel was ineffective for failing to advise LeClaire that the trial court could run his sentences in the 2004 case consecutively to his sentences in the 2010 case, the claim LeClaire raised.

We affirm without comment the remaining grounds raised by LeClaire on appeal.  We reverse the grounds discussed herein and remand with instructions that the postconviction court either attach records which conclusively refute LeClaire's claims regarding the witnesses' testimony and counsel's failure to advise him that the court could impose consecutive sentences or hold an evidentiary hearing.  Upon resolution of those claims, the court shall address the cumulative error claim.

Affirmed in part; reversed in part; remanded with instructions.


CASANUEVA, VILLANTI, and BLACK, JJ., Concur.